[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CHANGE OF VENUE BY ADRIAN PEELER
CT Page 7862
By motion dated December 7, 1999, the defendant, Adrian Peeler, requested a change of venue on the ground that the intense and pervasive media coverage would hamper his constitutional right to a fair trial before an unbiased jury of his peers. The State of Connecticut opposed the defendant's motion. On December 28, 1999, this Court issued an Interim Memorandum reserving decision on the defendant's motion. (Attached hereto and incorporated by reference).
It is well established that in requesting a change of venue, the defendant bears the burden of showing that he could not otherwise receive a fair and impartial trial. See State v. Vitale, 190 Conn. 219, 227,460 A.2d 961 (1983). The determination of whether to change venue is within the discretion of the trial court. See State v. Townsend,211 Conn. 215, 224-25, 558 A.2d 669 (1989). "A transfer is necessary if, in the discretion of the trial court, the location of the pending case precludes a fair and impartial trial." State v. Chapman, 33 Conn. App. 205,208, 635 A.2d 290 1993). Indeed, the trial court may order that a criminal matter be transferred to another court location if it is satisfied that a fair and impartial trial cannot be had where the case is pending. See Practice Book § 41-23(1); see also General Statutes § 51-353.
The Court has heard testimony on the motion and has reviewed the Bridgeport Change of Venue Study; (see Defendant's Exhibit 2); and the articles published and offered throughout the voir dire in support of said motion in this case. In addition the court compiled and submits as a Court's Exhibit in relation to the present motion copies of the Connecticut Post coverage of the trials completed.
While the electric media coverage of same has not been chronicled, it is clear that the daily proliferation of news stories are well absorbed by even the casual observer within this judicial district.
Presently the Court finds that because of the substantial pretrial publicity and media coverage of the defendant and his co-defendant, Russell Peeler, the ability of the defendant to obtain a fair and impartial trial in this judicial district has been impaired. Indeed, the witnesses and the family members and counsel of the victims in this case have been photographed and interviewed with a frequency that will hinder the ability to empanel an unbiased jury.
The court continues to hold the same opinion as outlined in the "Interim Memorandum" and recognizes that the 226 veniremen examined from the total pool of 563 resulted in the selection of 16 jurors who were CT Page 7863 demonstrated by counsel's examination in the present trial to be free of any impression, opinion or conclusion having an expressed negative impact on the fairness to be exhibited toward the defendant and the state.
The court presently is not of the same mind in considering the ability to assemble a jury pool and select a fair minded panel for the trial of Adrian Peeler in this jurisdiction.
Accordingly, the court on revisiting the joint motion of Adrian Peeler is satisfied that the remaining case should be and accordingly is ordered transferred to the Waterbury Judicial District for all further proceedings.
Motion of Adrian Peeler is granted.
FORD, J.